UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY VALLEY PROFESSIONAL CENTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. SCHMIDT, et al.,<br><br>Defendants. | Case No. 14-cv-02067-BLF<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is Plaintiff's Motion for Order Remanding Removed Action to State Court, filed on May 10, 2014. Plaintiff seeks to remand the above-captioned matter, an Unlawful Detainer Action, on the ground that this Court lacks subject matter jurisdiction over the Complaint. Plaintiff further seeks costs associated with the filing of the Motion for Remand. The Court finds that this Motion can be decided without oral argument, pursuant to Civil Local Rule 7-1. Having reviewed the parties' papers and the relevant case law, the Court GRANTS Plaintiff's Motion for Remand, but does not order Defendants to pay the costs associated with the filing of this Motion.

On March 11, 2014, Plaintiff served Defendant with a three-day Notice to Quit, and Defendants did not vacate the property. Thereafter, on March 18, 2014, Plaintiff filed an Unlawful Detainer Action in Santa Clara Superior Court. Defendants filed a Notice of Removal on May 6, 2014, alleging that Plaintiff had failed to comply with a federal statute, S. 896 § 702, which Defendants contend entitled them, as preexisting tenants in a foreclosed home, 90 days' notice to vacate their property. Defendants' sole reason for removal is that their defense to the Unlawful Detainer Action sounds in federal law. Defendants do not allege that the parties meet the federal requirements for diversity jurisdiction.

Federal district courts are courts of limited jurisdiction, and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. U.S. Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

Federal jurisdiction exists *only* when a federal question is presented on the face of a Plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant."). It is "settled law" that cases "may *not* be removed to federal court on the basis of a federal *defense*." *Id.* at 393 (emphasis in original). This is true even when the federal defense is one that can be readily anticipated by the Plaintiff. *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust of S. Calif.*, 463 U.S. 1, 10 (1983). The burden is on the party removing the action to show that removal is proper. *See, e.g.*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Defendants make no argument in their Opposition to this Motion that Removal was proper, and instead oppose the Motion on the basis that one resident of the home, Daniel Santos, was not properly served with the Motion for Remand.[1] Defendants do not meet their burden to show that removal was proper.

Though removal was improper, the Court declines to impose costs upon Defendants as requested by Plaintiff. Granting the pro se Defendants every benefit of the doubt in their filing, the Court does not believe that the removing party had no objectively reasonable basis to seek removal. Defendants applied the law incorrectly, but the Court makes no adverse inference as to a dilatory or tactical motive behind Defendants' Notice of Removal. Defendants are instructed, however, not to seek removal of the action in the future based upon a federal defense to their eviction. This case is properly adjudicated in state court, as originally filed, and as such the Court

---

[1] This argument fails for one reason: despite not receiving service of the Motion for Remand, Mr. Santos timely joined the Opposition to the Motion, (ECF 14 at 1), and the Court thereby finds no prejudice against Mr. Santos.

1  GRANTS Plaintiff's Motion for Remand and hereby REMANDS this case to the Santa Clara
2  County Superior Court for adjudication.
3  **IT IS SO ORDERED.**
4  Dated: June 2, 2014

_____
BETH LABSON FREEMAN
United States District Judge